
09 CV 3838

JUDGE CHIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA BAIARDI, | ) |
| Plaintiff, | ) ) |
| v. | ) No. ) |
| GC SERVICES LIMITED PARTNERSHIP, | ) ) |
| Defendant. | ) JURY DEMANDED ) |

RECEIVED APR 1 6 2009 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

*Preliminary Statement*

Plaintiff is suing Defendant because Defendant telephoned Plaintiff's neighbors and invaded Plaintiff's privacy in an attempt to collect an alleged debt.

1.  Defendant is a debt collector who has been sued more than 400 times in Federal Court for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

2.  Plaintiff brings this action for actual and statutory damages arising from Defendant GC Services' violations of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

*Jurisdiction and Venue*

3.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Parties*

5.  Plaintiff Patricia Baiardi is a citizen of New York State who resides within this District.

6.  Baiardi is a "consumer" as that term is defined by FDCPA § 1692a(3).

7.  The alleged debt that Defendant sought to collect from Baiardi was originally incurred for personal, family, or household purposes.

8.  Defendant GC Services is a Delaware limited partnership regularly engaged for profit in the collection of debts allegedly owed by consumers.

9.  GC Services has its principal place of business at 6330 Gulfton, Houston, TX 77081 and routinely sends collection correspondence into the State of New York.

10. Defendant GC Services is a "debt collector," as defined by FDCPA § 1692a(6).

### *Factual Allegations*

11. In September 2008, Defendant's agent placed a phone call to a neighbor in Plaintiff's apartment building.

12. Defendant's agent requested that Plaintiff's neighbor deliver a message to Plaintiff instructing her to contact Defendant about an "important and confidential" matter. Plaintiff's neighbor left a written message with the building's doorman. The doorman then delivered the message to Plaintiff.

13. Later in September 2008, another agent of Defendant placed a phone call to a second neighbor in Plaintiff's apartment building.

14. Defendant's agent told this neighbor that he was calling about an emergency and wanted to know whether the neighbor knew Plaintiff.

15. Defendant's agent then asked the neighbor to tape the agent's telephone number to Plaintiff's door.

16. The neighbor Googled the telephone number and learned that the call was from Defendant's collection agency.

17. The neighbor wrote down the telephone number and told Plaintiff about the call.

18. The neighbor also gave Plaintiff the message that she must return the call because it concerned an urgent matter.

19. On October 8, 2008 Plaintiff sent a letter to Defendant asking that it cease contacting her neighbors. Plaintiff also indicated that she did not have any money in order to pay the alleged debt.

20. On October 14, 2008 Defendant sent a written communication to Plaintiff seeking to collect the alleged debt.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act*

21. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

22. By contacting Plaintiff's neighbors in regard to Plaintiff's alleged debt, Defendant violated the FDCPA, 15 U.S.C. § 1692c(b).

23. Defendant also violated §§ 1692d, e, and f, and their applicable subsections.

24. As a result of Defendant's unfair debt collection practices, Defendant is liable to the Plaintiff.

WHEREFORE, Plaintiff Patricia Baiardi respectfully requests that this Court enter judgment in her favor against Defendant GC Services Limited Partnership as follows:

(A) Statutory damages;

(B) Actual damages;

(C) A declaration that Defendant has violated the FDCPA;

(D) Attorneys' fees, litigation expenses, and costs incurred in bringing this action; and

(E) Any other relief this Court deems appropriate and just under the circumstances.

*Demand for Jury Trial*

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: New York, New York
April 16, 2009

Respectfully submitted,

By: _____
Brian L. Bromberg

Attorneys for Plaintiff:
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

4